## COLUMBUS GREEN CAB CO, INC v MILLER
## COLUMBUS GREEN CAB CO, INC v NELSON

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2599 & 2600. Decided Oct 22, 1935

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

August W. Weber, Columbus, for defendant in error.

## OPINION

By BODEY, J.

On August 30, 1935, a petition in error was filed in this court. While we find in the file the original papers and the bill of exceptions which was originally filed in the Court of Common Pleas, the same do not bear a file mark as having been filed in this court. However, it appears from the affidavits of Joseph A. King, Deputy Clerk of Courts, Frank W. Phillips, Deputy Clerk of Courts and Andrew J. White, Jr., counsel for the plaintiff in error, that; on August 30, 1935. there was filed with the Clerk of the Court of Appeals of Franklin County the petitions in error, together with transcripts of the docket and journal entries, the original papers and the original bill of exceptions; that the clerk with whom said papers were filed placed the file mark upon the petition in error but neglected to stamp any of the other papers as being filed. It is necessary that the court have before it a bill of exceptions in order to pass upon the errors complained of by the plaintiff in error. Counsel for the defendants in error claims that it is necessary in a case brought into this court from the Common Pleas Court, which originated in the Municipal Court of Columbus, that a bill of exceptions be taken in the Common Pleas Court and filed in this court. Counsel also claims that it is necessary that such a bill

of exceptions from the Court of Common Pleas be filed within forty days from the date of the final judgment. We do not so read the statutes. Under §1558-75 GC we find that proceedings in error to the Court of Common Pleas from the Municipal Court of Franklin County may be prosecuted under the same conditions as provided by law for proceedings in error from the Court of Common Pleas to the Court of Appeals. Therefore, the sections contained in Chapter 4 of Division 3 of Title 4 of Part Third of the General Code of Ohio determine the method of prosecuting error with a bill of exceptions from the Municipal Court to the Court of Common Pleas. Under §11564 GC, it was necessary in this case that the bill of exceptions be prepared originally and filed in the Municipal Court not later than forty days after the overruling of the motion for a new trial. Thereafter, this bill within the time prescribed by statute, reached the trial judge, who corrected and allowed the same. Thereafter, that bill of exceptions was filed with the petition in error and the other papers in the Common Pleas Court under §11572 GC. The petition in error and the other papers, including the bill of exceptions, must be filed in the latter court within seventy days after the motion for new trial was overruled under the provisions of §12270 GC. When the various steps here outlined have been taken by a plaintiff in error, his case is properly before the Court of Common Pleas for review. An examination of the record in these cases will indicate that all of the papers, including the bill of exceptions in these cases, were properly filed within time in the Court of Common Pleas. As has been before stated, the judgment of the lower court was affirmed and the same plaintiff in error proceeded to bring his case to this court. It is our view that it was then not necessary for it to prepare and file a new bill of exceptions. The errors of which it complained were set forth in the petition in error. In order to review the proceedings it was only necessary for this court to have before it the original pleadings, the transcript of the docket and journal entries and the bill of exceptions which had been filed from the Municipal Court. We believe that the question could be brought before the court by properly filing all of the original papers, together with the transcript of docket and journal entries and the new petitions in error. After the Court of Common Pleas had reviewed a case which originated in the Municipal Court, the bill of exceptions became an original paper and should be filed as

such. This view is sustained by the Supreme Court of Ohio in the following case: **Myers et v Jenkins, 63 Oh St, 101.**

Since the court is of opinion that it was not necessary for the plaintiff in error to have prepared a new bill of exceptions, but rather that its contention could be disposed of by filing the former bill of exceptions as an original paper, we now approach the question as to whether or not such procedure was followed in this case. It would appear from the affidavits herein referred to that plaintiff in error did everything which it was called upon to do in order to perfect this error proceeding. It filed its petition in error and handed to the clerk for filing the original papers, including the bill of exceptions, and the transcript of the docket and journal entries. It is our view that the latter papers have been properly filed with the clerk in this court and that the clerk at this time should place upon the same the file date of August 30, 1935. The Supreme Court in the case of **Porter v Rohrer, 95 Oh St, page 90,** so holds in the following language which is taken from the syllabus:

"If the excepting party has performed the statutory duty required of him relating to the preparation, filing and perfection of a bill of exceptions, and the same has not been properly perfected by reason of the nonfeasance of some ministerial act by the clerk or trial judge, the excepting party may cause the same to be filed in the reviewing court at any time before the final consideration of the case in that court."

We hold that the plaintiff in error should not be penalized for the clerk's failure to discharge a ministerial duty and that there has been properly submitted for our consideration the original papers, the transcript of the docket and journal entries and a properly filed bill of exceptions. The motion of the defendant in error in each case to affirm the lower court because of the failure to file the bill of exceptions is overruled. Exceptions are saved.

We now consider these cases upon their merits. The petitions are in almost identical language and allege in substance "that the defendant, Columbus Green Cab, Inc., is a corporation duly organized and qualified to do business in the State of Ohio, with its principal office in the City of Columbus, Ohio; that on or about January 1, 1935, at 1:30 A. M., the plaintiff was riding as a fare passenger in a taxicab owned and operated by the defendant on South High Street at the intersection of

Town Street." The plaintiffs then allege that said cab was operated in a negligent manner and that they suffered damages thereby for which they prayed judgment. To each of these petitions the defendant filed an answer, which is in part as follows: 'Defendant admits that it is a corporation doing business in the State of Ohio; that on or about January 1, 1935, plaintiff was a passenger in a taxicab owned by defendant; that on said date another car collided with said taxicab at the intersection of South High Street and Town Street in the City of Columbus, Ohio; and that plaintiff received some injuries, the exact nature and extent of which are unknown to defendant." The defendant then denies the remaining allegations of the petitions and avers that the collision and any damage resulting therefrom was caused by the carelessness and negligence of the driver of the other car involved in the collision and without any fault on the part of the defendant.

In its petition in error, the plaintiff in error complains that the Common Pleas Court erred in affirming the judgment of the Municipal Court, in refusing to reverse said judgment, in refusing to render final judgment for plaintiff in error, that there are other errors manifest on the record and that the judgment of the Common Pleas Court is contrary to law. The case was submitted to the Municipal Judge without the intervention of a jury. All of the evidence was introduced by the defendants in error. The plaintiff in error offered no evidence but entered a motion to dismiss at the conclusion of the plaintiff's case. When this motion was overruled, the defendant below rested its case and renewed its motion for a dismissal.

It is particularly claimed by the plaintiff in error that there is no evidence tending to establish the fact that the taxicab in question was operated at the time of the collision by an employee in the discharge of his duty. Although the plaintiff in error admits its ownership of the taxicab, it is contended that such admission does not place the cab company in the situation of a common carrier but that on the other hand it can not be held liable except as a private carrier.

The undisputed evidence in the case at bar discloses that the injuries sustained by the plaintiffs were the proximate result of a collision between the taxicab in which they were fare passengers, which was owned by the defendant cab company, and an automobile operated by a third person. No proof was offered concerning the identity of the driver or operator of the taxicab. No evidence was introduced by the plaintiffs below tending to prove that the driver of the taxicab was acting within the scope of his employment at the time of the collision. However, if the plaintiff in error was a common carrier such proof was unnecessary. The evidence clearly shows that this collision was caused by the negligence of either the driver of the taxicab or the operator of the other car, or both. The rule is stated in **6 Ohio Jurisprudence, page 91, §§307 and 308**, as follows:

"A carrier of passengers is not an insurer of the safety of the passenger, and is liable only for such injuries as proximately result from its failure to exercise that degree of care for the passenger's safety which the law requires under the particular circumstances. It is not essential, in order to justify recovery in an action against a carrier for an injury to a passenger, that the defendant's negligence should have been the sole cause of the injury. If the negligent act of the defendant concurs with the negligent act of a third person, so that each proximately contributes to the injury, a claim for recovery may be properly predicated upon the defendant's negligence."

We must, therefore, determine whether or not the plaintiff in error was a common carrier.

It was held in the case of **Cleveland-Akron Bus Company v Rogaff, 25 Oh Ap, 538, (5 Abs 25)** that the following allegations in a petition were sufficient to designate the defendant as a common carrier under all the circumstances of that case, to-wit:

"That the defendant is a corporation duly organized and doing business under and by virtue of the laws of Ohio, with one of its termini and principal offices located at Akron, Summit County, Ohio; that * * * the plaintiff became a passenger upon a certain bus known as The President Harding, belonging to the defendant company and operating between Cleveland and Akron; that, as a passenger for hire, plaintiff gave into the possession of the agents and employees of the defendant company operating said bus, a certain handbag containing wearing apparel and personal belongings."

We see very little difference between the allegations of the petition just quoted and those of the petitions in the instant case. True, that petition contains allegations concerning the termini and principal office of the defendant as well as allegations con-

cerning the operation of the particular bus between Cleveland and Akron. Those allegations were, no doubt, necessary in that case because the defendant was a common carrier operating on a regular route between fixed termini. In the case at bar, the plaintiffs below were passengers in a taxicab. The term, taxicab, is defined by Webster in the new International Dictionary as "a cab fitted with a taximeter." A taximeter is defined by the same authority as "an instrument for use in a hired vehicle, as a motor cab, for automatically showing the fare due." We are in accord with the following language taken from the case of Anderson v Yellow Cab Company, 191 NW, 748.

"The term 'taxicab' describes a conveyance similar to a hackney carriage, but propelled by electric or steam power, and held for public hire at designated places subject to municipal control. * * * The operator of the taxicab is in no manner under the control of the passenger, excepting only with respect to the transportation to the place of destination. The operation of the cab is completely within the power and control of the operator. * * * In connection with what has been said, we can not ignore our common knowledge with respect to the extent of the development of the taxicab business engaged in the transportation of members of the public in the larger cities. Such development has kept pace with the use of the automobile generally; and while the evidence in this particular case is not as complete and as satisfactory as it undoubtedly could have been made, nevertheless, there is every indication persuasive of the fact that the defendant's business was operated pursuant to the usual and ordinary custom prevailing with respect to the taxicab business in general. * * * Under the trend of modern judicial decisions it appears that the great weight of authority is in favor of holding a taxicab like that in the instant case as a public carrier. * * * From what has been said, we hold that public policy requires that the taxicab in the instant case be classed a common carrier, and that the instruction of the court complained of was proper."

The Supreme Court of Ohio in the case of Korner et v Cosgrove, 108 Oh St, 484, has made this pronouncement:

"Persons owning and operating public taxicabs for the transportation of passengers, holding themselves out as willing to carry persons generally for hire, are common carriers. The same rule and measure of responsibilities attaches to the owner and operator of a public taxicab for the acts of agents and servants as applies to other common carriers."

Has the defendant in error in each case brought himself within the rules above set forth? The admissions in the pleadings indicate that the defendants in error were passengers at the time and place in question in a taxicab owned by defendant. The testimony of the defendant in error, Nelson, establishes the fact that he and Mrs. Miller were fare passengers. The testimony of both Mr. Nelson and Mrs. Miller leads the court to the view that the taxicab in question was a public conveyance holding itself out indiscriminately for hire. It will be noted in their testimony that when they came up to the corner of Town and High Street there were quite a number of people present, they were unable to get a cab until they walked south possibly forty or fifty feet, and they got into the first cab that came along, which was the Green Cab in which they were riding when they were injured. Although the plaintiff in error denies that it was operating this particular cab, we are of opinion that the allegations of the petition, the admissions in the answer, and the uncontradicted evidence taken as a whole were sufficient to make out a prima facie case against the plaintiff in error. Since a prima facie case was made in our judgment and since no evidence was introduced by plaintiff in error, it follows that, in our opinion the trial court committed no error in overruling the motion to dismiss made at the conclusion of the plaintiffs' case below and at the conclusion of the whole case. We find no prejudicial error in this record. None of the assignments of error contained in the petition in error is well taken. The judgment of the lower court is affirmed.

Exceptions.

BARNES, PJ, and HORNBECK, J, concur.